UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID RAY NEAL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CV-538 RM |
| | ) | |
| MICHAEL MITCHEFF, D.O., *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

David Neal submitted a complaint under 42 U.S.C. § 1983, alleging that Michael Mitcheff, D.O., Eke Kalu, M.D., and Health Care Administrator Karla Foster were deliberately indifferent to his medical needs while he was housed at the Indiana State Prison ("ISP"). The defendants have moved for summary judgment pursuant to FED R. CIV. P. 56 and Mr. Neal has responded. For the reasons that follow, the court grants the defendants' summary judgment motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
   . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical

doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Ranochakio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

In his complaint, Mr. Neal alleged that Indiana Department of Correction ("IDOC") doctors diagnosed him with Hepatitis C at another facility, but the defendants didn't treat him for the disease while he was at the ISP. Mr. Neal also alleged that his leg was in great pain and that there were occasions when defendants Mitcheff and Foster let his pain medication lapse.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The defendants concede, and his medical records confirm, that Mr. Neal had serious medical needs, including Hepatitis C and pain management issues, while he was housed at the ISP. To survive summary judgment, Mr. Neal must also establish that the defendants were deliberately indifferent to his serious medical needs. Because deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, a plaintiff must demonstrate more than an inadvertent failure to provide medical care or negligence in treating a medical condition. Estelle v. Gamble, 429 U.S. at 105-107; Billman v. Indiana

2

Department of Correction 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), *citing* McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting* Farmer v. Brennan, 511 U.S. at 837-38. Negligence or medical malpractice do not constitute deliberate indifference, Estelle v. Gamble, 429 U.S. at 106, and a mere disagreement with a physician over a course of medical treatment states no claim under § 1983 Hendrix v. Faulkner, 525 F. Supp. 435, 458 (N.D. Ind. 1981), aff'd in part vacated in part on other grounds *sub nom.*, Wellman v. Faulkner, 715 F.2d 269 (7th Cir. 1983).

The defendants submit their own declarations and portions of Mr. Neal's medical records. Mr. Neal filed a motion to answer the defendants' summary judgment motion, which is a detailed response to their motion. He also submitted a motion for declaration of plaintiff that responds to the defendants' summary judgment motion. Mr. Neal attaches correspondence, grievance records, and portions of his medical records to his responses. Although Mr. Neal filed a motion for declaration of plaintiff, he never filed a declaration or affidavit containing sworn statements affirming the facts he sets forth in his motion to answer the defendants' summary judgment motion.

The parties' submissions establish that beginning in January 2003, ISP doctors Mitcheff and Alli-Balogun treated Mr. Neal for a variety of medical conditions, including obesity, hypertension, edema, liver problems, an open ulcer, cellulitis, mild erythema infection, cramping, inflamation, and chronic pain. Mr. Neal has a plate in his right leg that

is susceptible to infection. Mr. Neal received treatment for Hepatitis B while he was at the ISP, but was not treated for Hepatitis C. On September 28, 2004, IDOC officials transferred him to the Wabash Valley Correctional Facility, where he was no longer under the direct care of Dr. Mitcheff, and where he states that doctors prescribed more effective pain medication and began treating him for Hepatitis C. Mr. Neal is now housed at the Westville Correctional Facility.

According to Dr. Mitcheff's declaration and Mr. Neal's medical records, between January 1, 2003, and September 28, 2004, the medical staff saw Mr. Neal on sick call at least 23 times, he was housed in the infirmary once, and had two annual health screens. On at least 15 occasions while he was not housed in the infirmary he was seen by a doctor. On 10 of those occasions, beginning on October 30, 2003, Dr. Mitcheff examined him and prescribed diagnostic tests and medication, including pain medication. According to Dr. Kalu's declaration, her only involvement in Mr. Neal's medical care was to approve him for an offsite surgical consultation for Hepatitis C treatment, pending the outcome of a liver biopsy.

Mr. Neal alleges that all of the defendants refused to treat him for Hepatitis C while he was at the ISP. At that time, Dr. Kalu was a Regional Medical Director. She was not assigned to the Indiana State Prison, and had no direct contact with prisoners housed there. Dr. Mitcheff submitted a request that Mr. Neal receive an outside surgical consultation for Hepatitis C treatment, and on August 31, 2004, Dr. Kalu approved him for the consult, pending the outcome of a liver biopsy.

Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct

4

responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F. 2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

Dr. Kalu had no direct personal involvement in Mr. Neal's medical treatment at the Indiana State Prison except to approve his outside consult for Hepatitis C. That she approved Mr. Neal for the outside consult establishes that she was not deliberately indifferent to his serious medical needs.

Dr. Mitcheff was one of the doctors providing treatment to Mr. Neal for his medical problems. In response to Mr. Neal's claim that Dr. Mitcheff did not treat him for Hepatitis C, Dr. Mitcheff states that the IDOC established policies and procedures governing the administration of Hepatitis C treatment, including a substance abuse assessment, psychiatric counseling, a liver biopsy, and an off site consultation. Dr. Mitcheff states that until this process was completed, "I could do nothing more than continue to keep his condition stable." Dr. Mitcheff initiated this process on December 26, 2003, but it was not concluded until September 27, 2004, the day before Mr. Neal was scheduled to be transferred to another facility.

Ms. Foster was the ISP Health Care Administrator while Mr. Neal was housed at the prison. She was an administrator, not a health care provider. Mr. Neal suggests that she may have been partially responsible for the lengthy delay in completing the IDOC's

Hepatitis C evaluation process. Ms. Foster states in her declaration that she didn't prevent Mr. Neal from receiving medical treatment or pain medication, and there is no evidence before the court from which the court could conclude that she intentionally delayed his evaluation for Hepatitis C.

Dr. Mitcheff states that he ordered each step in the Hepatitis C evaluation process, some of which had to be completed before later steps could be taken. The process took 10 months, which seems at first blush an inordinately long time. If Mr. Neal's condition deteriorated because of the delay in evaluating him, a delay of such length might suggest deliberate indifference. But, according to Dr. Mitcheff's declaration, Mr. Neal's Heptatits C remained "stable based on laboratory test results" during this 10-month period.

To prevail in a medical case, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. Walker v. Peters, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim of deliberate indifference relating to his treatment . . .."). There is no admissible evidence contesting Dr. Mitcheff's assertion that Mr. Neal's Hepatitis C was stable during this period. So even if the delay in finishing the diagnostic process might seem inordinately long, Mr. Neal has not made out a claim of deliberate indifference against Dr. Mitcheff or Ms. Foster. The materials before the court establish that the defendants and monitored Mr. Neal's Hepatitis C condition to ensure that it remained stable while he met the conditions to receive further treatment

Mr. Neal alleges that Dr. Mitcheff refused to prescribe Vicodin, which he states was a more effective pain medication that other doctors had prescribed. Mr. Neal's medical record establishes that Dr. Mitcheff prescribed a variety of medication for Mr. Neal's continuing complaints of pain. According to his declaration, "Hepatitis C is a condition that

6

can be exacerbated by the pro-longed use of non-steroidal anti-inflammatories, like Indocin, and over the counter medications, like Tylenol and Ibuprofen." (Mitcheff declaration at p. 21). Dr. Mitcheff says he alternated between different types of pain medication to help sustain Mr. Neal's liver function (Mitcheff declaration at p. 21).

Mr. Neal makes many statements about this problem in his submissions, though none are under oath. But even if the court accepts Mr. Neal's statements that Vicodin had been prescribed by other doctors and was more effective in controlling pain than the medication Dr. Mitcheff prescribed, summary judgment remains appropriate. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997), and a disagreement with a physician over a course of medical treatment states no claim under 42 U.S.C. § 1983. Hendricks v. Faulkner, 525 F. Supp. at 458. That medical personnel see and treat an inmate normally establishes lack of indifference to his medical problems. Estelle v. Gamble, 429 U.S. at 107-108. The parties' submissions establish that Dr. Mitcheff prescribed pain medication for Mr. Neal; that another doctor may have prescribed a different medication for the same problem does not make Dr. Mitcheff deliberately indifferent to Mr. Neal's serious medical needs.

Finally, Mr. Neal alleges that Dr. Mitcheff and Ms. Foster frequently allowed his pain medication to lapse, leaving him in pain until his prescription was refilled. The defendants don't contest that there were lapses or delays when Mr. Neal had no pain medication, and several of the parties' exhibits suggest that Mr. Neal's pain medication lapsed on several occasions. Accordingly, for the purposes of this memorandum, the court accepts that Mr. Neal's pain medication ran out several times, leaving him in pain.

Dr. Mitcheff saw Mr. Neal on numerous occasions, prescribed pain medication,

though not necessarily the medication desired by Mr. Neal, and renewed his prescriptions for pain medication. The defendants' declarations deny that they intentionally withheld pain medication from Mr. Neal. Dr. Mitcheff says Mr. Neal's failure to lose weight "left me no choice but to monitor his pain medication closely, which I did. There were periods of time where Offender Neal's prescriptions for pain medication were not automatically renewed. This was not done to cause Offender Neal pain but rather to help sustain his impaired liver function. I even attempted to alternate Offender Neal between different types of pain medication, but [he] always demanded the hightest pain medication possible." (Mitcheff declaration at p. 21).

To prevail against a defendant for deliberate indifference to serious medical needs, a prisoner must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d at 677. Deliberate indifference to serious medical needs constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment, Vance v. Peters, 97 F. 3d 987, 991 (7th Cir. 1996). That Mr. Neal ran out of pain medication and suffered pain before he could obtain more might meet the objective requirement of the test established by Farmer v. Brennan. But to succeed on an Eighth Amendment claim, a plaintiff must satisfy both the objective and subjective components of the test. Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994).

The materials before the court do not establish the subjective prong of the Eighth Amendment test. Dr. Mitcheff saw Mr. Neal and prescribed pain medication for his problem, which suggests that he was not deliberately indifferent to Mr. Neal's pain. The record does not allow an inference that a higher aggregate dose of pain relievers would

8

have been consistent with maintaining the function of Mr. Neal's liver or, more importantly, that the failure to prescribe a higher aggregate dose of pain relievers in the face of Mr. Neal's liver condition amounted to deliberate indifference. Under the Eighth Amendment, a prisoner is "not entitled to the best care possible." <u>Forbes v. Edgar</u>, 112 F.3d at 267. Negligence or medical malpractice do not constitute deliberate indifference, <u>Estelle v. Gamble</u>, 429 U.S. at 106, and the evidence before the court does not establish that the defendants' management of his pain medication reached the level of deliberate indifference.

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (docket #165), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: March  30  2007

                                           /s/ Robert L. Miller, Jr.
                                           Chief Judge
                                           United States District Court